IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LAWRENCE STRAUGHTER                                    PLAINTIFF

v.                              No. 4:20-cv-127-DPM

UNITED STATES OF AMERICA                               DEFENDANT

## ORDER

Mr. Straughter is a veteran who was treated through the years at the Memphis Veterans Affairs Medical Center and then the Central Arkansas Veterans Healthcare System in Little Rock.  He claims medical negligence under the Federal Tort Claims Act during his treatment in Memphis.  The Tennessee Health Care Liability Act, TENN. CODE ANN. § 29-26-101 *et seq.*, supplies the governing law.  Taking the material facts in the light most favorable to Mr. Straughter where they're genuinely disputed, here is what happened, looking backwards in time.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).

In 2018, a CT scan of Mr. Straughter's chest showed an aneurysmal ascending aorta of between 5.5-5.9 centimeters.  In plain words, the aorta was approximately twice as large as it should have been—3 centimeters.  Mr. Straughter was referred for heart surgery, which he had, including replacement of the aortic valve.  As he recovered, he had a mini-stroke.  His ability to move his left leg is now impaired.  Mr. Straughter had several CT scans in Memphis in the eight

years leading up to his surgery. These earlier scans showed that his ascending aorta was enlarged and getting larger: 3.8 centimeters (in 2010); 5.2 centimeters (in 2011); and at least 4.3 centimeters (in 2013). He says that, contrary to clear V.A. policy, his doctors in Memphis did not provide him with these scan results or discuss them with him. At some point after 2013, Mr. Straughter moved to Little Rock. He believes his ongoing chest pain through the years was caused by his enlarged aorta. And he says he should have been referred for heart surgery much sooner. He attributes his 2018 mini-stroke to the lapse in doctor-patient communications and the belated surgery referral.

Under Tennessee law, Mr. Straughter must offer proof on three issues. First, the applicable standard of medical care. Second, the V.A. doctors in Memphis deviated from that standard. And third, the deviation proximately caused injuries that Mr. Straughter would not otherwise have suffered. TENN. CODE ANN. § 29-26-115(a). When medical issues are beyond common knowledge, the injured person must offer supporting expert testimony. TENN. CODE ANN. § 29-26-115(b); *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015). Mr. Straughter does not quarrel with this law, but argues that a doctor's duty to inform his patient about test results, so the patient can make informed decisions about treatment options, is a matter of common knowledge. The Court agrees. But, there is a deeper layer in the case — causation. Mr. Straughter offers no expert testimony that the doctors

working at the V.A. in Memphis deviated from the applicable standard of care in their actual treatment of the growing aneurysm in his aorta or that his chest pain or his eventual mini-stroke resulted from not having the heart surgery sooner. Whatever communication gap existed, there is no medical opinion supporting Mr. Straughter's claim that his pain or post-surgical problems were tied to when his surgery got done.

The United States offers expert opinions from Dr. J.D. Holloway, a Little Rock cardiologist. He reviewed all of Mr. Straughter's medical records. Dr. Holloway explained the applicable standard of care for an enlarged ascending aorta. In his opinion, the V.A.'s treatment of Mr. Straughter's evolving condition was within the applicable standard of care. He also says that risk of a mini-stroke is always present with this kind of surgical intervention; it was not caused by the timing of Mr. Straughter's operation. He says the surgery was recommended and done at the point when Mr. Straughter's ascending aorta had enlarged to more than 5.5 centimeters, which followed the applicable guidelines of the American College of Cardiology and the American Heart Association. Dr. Holloway also concluded that Mr. Straughter's longstanding chest pain was unrelated to his aorta problem.

This record presents a genuine dispute of material fact about what the doctors at the Memphis V.A. told Mr. Straughter along the way. At this point in the case, the Court takes Mr. Straughter at his word and

assumes he was not informed about the results of the earlier CT scans. But, given the unrebutted expert testimony about when surgery should be recommended based on the applicable standard of care, Mr. Straughter's claim fails as a matter of law. No reasonable juror could conclude that any lack of communication about the CT results caused Mr. Straughter's post-surgical complications when a sooner surgery would not have been recommended. Dr. Holloway summarized the situation: "Thus, at the time of surgery in 2018, the aorta was of an appropriate size for surgery, though no emergency. An earlier surgical intervention would not have been expected to change his outcome, prognosis, nor risk of postop complications." *Doc. 18-1 at 5.* As far as this record discloses, the doctor-patient communication lapse thus had no causal effect.

Because Mr. Straughter has offered no expert testimony about the applicable standard for treating his heart problem, about deviation from that standard, or about causation in response to the United States' proof from Dr. Holloway on all these issues, the United States is entitled to summary judgment. The Court need not address whether Mr. Straughter's federal case failed at the threshold because he provided no Tennessee-required certificate of good faith, a document which must state that he had supporting expert testimony in hand when he filed his complaint. TENN. CODE ANN. § 29-26-122(a). The law continues to percolate on that complicated issue. *E.g., Gallivan v. United*

*States*, 943 F.3d 291, 293–297 (6th Cir. 2019) (Ohio law); *Pledger v. Lynch*, 5 F.4th 511, 517–524 (4th Cir. 2021) (West Virginia law); *Gray v. United States*, 2021 WL 3727234, \*19–\*23 (W.D. Tenn. 2021) (Tennessee law). During the discovery period, Mr. Straughter had the opportunity to learn all the facts and to secure expert testimony.  He has not offered sufficient evidence for the finder of fact to conclude that either his chest pains or his eventual surgical complications resulted from any delay in his heart surgery.  TENN. CODE ANN. § 29-26-115(a)(3);  *Conseco Life Insurance Co. v. Williams*, 620 F.3d 902, 909–10 (8th Cir. 2010).

*    *    *

Motion for summary judgment, *Doc. 16*, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

24 March 2022